# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:99-cr-0001-ECR-RAM |
| | 3:03-cv-0570-RAM |
| vs. | |
| JERRY LEE MORGAN, | **ORDER** |
| Defendant. | |

The defendant in this case, Jerry Lee Morgan, is back before the court, again seeking to challenge his conviction, long after the time to do so has passed, and with an uncertified successive motion. His motion for relief is plainly barred, and it will be dismissed forthwith.

Morgan was convicted, following a jury trial, of kidnapping and carjacking. He was originally sentenced on October 20, 1999, to 328 months in prison for the kidnapping, and 300 months in prison for the carjacking, the two sentences to run concurrently (docket #66 and #69). Morgan appealed, and the Government cross-appealed (*see* docket #67 and #72). The court of appeals affirmed Morgan's convictions but, on the Government's cross-appeal, reversed and remanded for resentencing. *United States v. Morgan*, 238 F.3d 1180 (9th Cir.), *cert. denied*, 534 U.S. 863 (2001) (That opinion includes a summary of the facts underlying the case, at pages 1183-85.). On remand, on September 12, 2001, Morgan was resentenced to 382 months in prison

for the kidnapping, and 300 months in prison for the carjacking, the two sentences to run concurrently (docket #91, #92, #100). Morgan again appealed (docket #93), and the court of appeals affirmed in an unpublished memorandum decision filed on April 29, 2002 (docket #102, #103). The court of appeals issued its mandate on May 21, 2002 (docket #103, #104). The Supreme Court denied certiorari on October 7, 2002. *Morgan v. United States*, 537 U.S. 921 (2002).

On October 15, 2003, Morgan initiated a section 2255 motion (docket #105). On February 12, 2004, the court appointed counsel to represent Morgan, and granted counsel time to amend the section 2255 motion (docket #120). On June 13, 2005, with the benefit of counsel, Morgan filed a Second Amended Section 2255 Motion (docket #150). On July 14, 2005, the Government responded (docket #156), arguing that most of Morgan's second amended motion was barred by the statute of limitations, and that, at any rate, Morgan was not entitled to relief on the merits of his claims. The parties then consented to disposition of this case by the Magistrate Judge and the referral was made by the District Judge. *See* Order entered February 9, 2006 (docket #165). In an order entered May 5, 2006 (docket #171), the court dismissed all but two of Morgan's claims, as barred by the statute of limitations, and denied one of those two timely claims, leaving only one claim remaining to be adjudicated. The court then granted Morgan leave to conduct investigation, and to supplement his motion with respect to the remaining claim.

However, before the remaining claim could be resolved, at a hearing on June 5, 2007, Morgan insisted that his counsel be discharged and his motion dismissed. *See* Minutes of Proceedings dated June 5, 2007 (docket #209); Order entered June 5, 2007 (docket #210). The section 2255 motion was, therefore, dismissed without prejudice on June 5, 2007, and judgment was entered (docket #211).

More than a year later, on November 20, 2008, Morgan filed a *pro se* document entitled "Writ of Error Audita Querela Title 28 U.S.C. § 1651" (docket #229). In that document, Morgan again sought relief from his sentence, on grounds that it was imposed in violation of the Sixth Amendment and the rule of *United States v. Booker*, 543 U.S. 220 (2005). In an order entered

2

1  January 21, 2009 (docket #230), this court treated that motion as a motion under 28 U.S.C. § 2255,
2  and denied it. Judgment was entered accordingly (docket #231). This court denied Morgan a
3  certificate of appealability (docket #235). On March 5, 2010, the court of appeals likewise denied
4  Morgan a certificate of appealability, and Morgan's appeal was terminated (docket #238).

5  Now, eight years after his conviction became final, and after the dismissal of the appeal
6  regarding his last meritless section 2255 motion, Morgan has again initiated a challenge to his
7  conviction and sentence. This time, Morgan filed, in the Eastern District of California, what
8  purports to be a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (docket #240). The
9  United States District Court for the Eastern District of California transferred that petition to this
10 court, and it was filed in this action on December 13, 2010 (docket #239, #240, #241).

11 In his petition, Morgan states that he "was indicted for allegedly acting against sections
12 1201(a)(1) and 2119(2) of title 18 United States Code," and that "the [carjacking] automatically
13 triggered the kidnapping charge." Petition (docket #240), p. 3. Morgan "asserts that his rights to due
14 process have been violated where a merger problem exists." *Id.* Morgan requests that one of his
15 convictions be vacated. *Id.* at 4. Because Morgan asserts that his convictions are unconstitutional,
16 in violation of the due process clause of the United States Constitution, his challenge is plainly in the
17 nature of a motion under 28 U.S.C. § 2255, and it will be treated as such.

18 Morgan's motion, and the records in the case, conclusively show that Morgan is entitled to
19 no relief. This motion is plainly barred by the statute of limitations – no less than was his last
20 motion, which was initiated on November 20, 2008. *See* 28 U.S.C. § 2255(f). Moreover, this is a
21 successive motion under section 2255, and there is no indication that it has been certified by the
22 court of appeals as provided in 28 U.S.C. § 2244. *See* 28 U.S.C. § 2255(h). Therefore, Morgan's
23 new motion for relief from his conviction will be denied forthwith. *See* 28 U.S.C. § 2255(b).

24 Furthermore, the court will deny Morgan a certificate of appealability. The standard for
25 issuance of a certificate of appealability calls for a "substantial showing of the denial of a
26

constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000). The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). The requirements for a certificate of appealability for a section 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a section 2254 habeas petition related to a state conviction. *See U.S. v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court finds that Morgan does not meet the standard for issuance of a certificate of appealability. Morgan's current motion was plainly filed well beyond the expiration of the applicable limitations period. And, furthermore, it is plainly a successive motion, not certified by the court of appeals. These ruling appear to be beyond any reasonable debate. The court will, therefore, deny Morgan a certificate of appealability. Morgan may seek a certificate of appealability from the court of appeals. *See* Fed.R.App.P. 22(b).

**IT IS THEREFORE ORDERED** that defendant's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (docket #240) is treated as a motion under 28 U.S.C. § 2255, and is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that defendant is denied a certificate of appealability.

DATED: December 15, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

5